**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SIDNEY MARTS,**

       **Plaintiff,**

**vs.**                                                   **Case No. 4:10cv229-MP/WCS**

**WALTER McNEIL,**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a motion seeking leave to proceed *in forma pauperis*. Doc. 5. I have reviewed Plaintiff's motion, as well as the initial complaint, doc. 1, and Plaintiff's amended civil rights complaint under 42 U.S.C. § 1983. Doc. 4. Plaintiff is not entitled to proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had more than three prisoner actions dismissed in the Northern District of Florida on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include case 3:08cv537-MCR/MD, which was dismissed as malicious and as an abuse of the judicial process. That dismissal was then appealed by Plaintiff, and the appeal was denied as frivolous. That case gave Plaintiff two "strikes" under § 1915(g). Plaintiff also filed case 3:08cv24-RV/MD, which was dismissed for failure to state a claim. Plaintiff again appealed that dismissal, which the Eleventh Circuit Court of Appeals found to be frivolous. Those two cases gave Plaintiff four dismissals under § 1915(g).

The amended complaint alleges a multitude of claims concerning the canteen, inmate bank accounts, the commissary, and other claims. Plaintiff does not, however, provide allegations showing that the is in imminent danger of serious physical injury, nor could he as Plaintiff is not located within the vicinity of Defendant McNeil, the Secretary of the Department of Corrections. Thus, Plaintiff's allegations do not bring him within the "imminent danger" exception to § 1915(g).

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed. The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 5, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that all other pending motions be **DENIED,** Plaintiff's case be **DISMISSED without prejudice,** and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2010.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**